UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANK DIXON,<br><br>            Petitioner,<br><br>      v.<br><br>UNKNOWN,<br><br>            Respondent. | No. 2:22-cv-09135-AB-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.
## INTRODUCTION

On December 15, 2022, the Court received from Frank Dixon ("Petitioner"), a California state prisoner at North Kern State Prison proceeding pro se, a "Petition for Writ of Habeas Corpus" on a California state form, seeking to challenge a July 2019 conviction following a jury trial and August 2019 sentence of 17 years and four months imposed by the Superior Court for the State of California, County of Los Angeles County for violations of "12022.7(A) 667(A)(1). Dkt. 1 ("Petition" or "Pet.") at 2.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition,

finds it appears to suffer from several defects and orders Petitioner to respond as set forth further below.

## II.
## PROCEDURAL HISTORY

As noted, the judgment of conviction that Petitioner seeks to challenge was imposed by the Los Angeles County Superior Court in 2019 in case number VA146759. Pet at 2. The Petition asserts a single ground for relief, which, in its entirety, states: "12022.1(A) 667(A)91) 667.5." Pet. at 3. In support, Petitioner asserts, in full: "The Judge Ito impose the high term when at my sentencing when he cannot do so because there were never no aggravating factors to do so." Id. Petitioner asserts that he appealed the conviction in the Second Appellate Court Division 4, resulting in the case being "fully reversed" in December 2021 in case number B229436 (this case number appears to be in error). Id. at 5. Petitioner asserts that he also sought review by the California Supreme Court in case number B299436 resulting in the case being "remanded back to [trial] court" on an unspecified date. Id.

According to California Appellate Court on-line information, on October 19, 2020, the California Court of Appeal, Second Appellate District, Division Four, in People v. Frank Dixon, Case No. B299436, "conditionally reversed" Petitioner's judgment of conviction and remanded to the trial court with directions to conduct a diversion eligibility hearing under Cal. Penal Code § 1001.36. See Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov.[1] The Appellate Courts also indicate

---

[1] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

a Petition for Review in Petitioner's case was filed with the California Supreme Court, with the Petition being denied on December 23, 2022 in Case No. S265091. Id. On-line records of the Los Angeles County Superior Courts for People v. Frank Dixon, Case No. VA146759, confirm trial proceedings in July 2019 and reflected subsequent proceedings at the trial court level in 2021 and 2022, with a Notice of Appeal following those subsequent proceedings filed on August 3, 2022. See https://www.lacourts.org.

As noted, the Court received the Petition, on a state court form, on December 12, 2022, although the signature line states that it was signed on December 23, 2022.

## IIII.
## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for at least three and possibly five reasons: (1) Petitioner has not submitted his Petition on the form habeas petition approved by the Central District of California; (2) Petitioner asserts a single vague claim that does not facially assert any federal constitutional error; (3) Petitioner has not named an appropriate respondent; in addition, (4) the Petition may be unexhausted; and (5) the Petition may be subject to Younger abstention, all as explained further below.

First, the Petition was not submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to use a Court-approved form.

Second, Petitioner has not clearly set forth the grounds that plausibly suggest entitlement to relief. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. See Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Here, the Petition only asserts numbers as the basis for the Petition, allegations that are vague and do not facially reflect the real possibility of federal constitutional error. As such, the Petition is subject to dismissal.

Third, Petitioner has not named a proper respondent. The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended). Typically, the proper respondent for a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Stanley, 21 F.3d at 360; see also Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

Separately, under 28 U.S.C. § 2254(b)(1), federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James, 24 F.3d at

24; Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Here, because Petitioner has not clearly set forth his claims, and because Petitioner does not use an approved form that would require information about exhaustion, the Court does not make a determination as to whether those claims have been exhausted, but notifies Petitioner of the requirement should Petition opt to file an amended petition.

In addition, as noted, state court records reflect ongoing proceedings in the superior court in 2022 and reflect a "Notice of Appeal" filed in those proceedings in August 2022. To the extent Petitioner requests that this Court intervene in his ongoing state criminal proceeding, including while the proceeding is on appeal, Younger abstention is warranted. Comity and federalism require federal courts to abstain from intervening in pending state criminal proceedings absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-45 (1971). Younger abstention is warranted when: (1) the state court proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the state proceeding provides an adequate opportunity to raise constitutional challenges; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding.

Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted). In such circumstances, federal district courts should abstain from intervening in the ongoing state criminal proceeding absent extraordinary circumstances. See, e.g., Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435-37 (1982); (absent a showing of "bad faith, harassment, or some other extraordinary circumstance," federal courts should abstain from interfering in ongoing state judicial proceedings); Kugler v. Helfant, 421 U.S. 117, 130 (1975) (explaining that Supreme Court precedent establishes that "at least in the absence of 'extraordinary circumstances' federal courts must refuse to intervene in state criminal proceedings to suppress the use of evidence claimed to have been obtained through unlawful means").

## IV.

## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends he has exhausted his state court remedies, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted.

Alternatively, Petitioner may file an amended petition **within thirty (30) days of the date of this Order** to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, including naming the appropriate respondent. In ¶ 8 of the

First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that he seeks to raise and answer all of the questions pertaining to each such claim. If Petitioner contends that he exhausted his state remedies, he should list such filings in ¶¶ 4-6 of the habeas petition form. Petitioner should specify all of the grounds raised in such filings, along with the case number, the date of decision, and the result. Petitioner should also answer all questions and provide all information regarding any ongoing proceedings in state court.

    Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: December 20, 2022

                                    JOHN D. EARLY
                                    United States Magistrate Judge